**Marbella Hernandez PERAL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70439.**

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2010.*

Filed Aug. 2, 2010.

Michael Grim, M.D., Law Office of Fernando Quinones, San Francisco, CA, for Petitioner.

U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM **

Marabella Hernandez Peral, a native and citizen of Mexico, petitions for review

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from the Board of Immigration Appeals' ("BIA") order denying her motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Hernandez Peral's motion to remand because she failed to establish prejudice from her former counsel's representation as she is statutorily ineligible for cancellation of removal. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice). Hernandez Peral's contention that service of the facially valid notice to appear on November 23, 2003, did not terminate her accrual of physical presence time is unpersuasive. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1)(A); *Garcia–Ramirez v. Gonzales*, 423 F.3d 935, 937 n. 3 (9th Cir.2005) (per curiam) (accrual of physical presence time ends when removal proceedings are commenced through service of a notice to appear).

In light of our disposition, we need not address Hernandez Peral's remaining contention.

**PETITION FOR REVIEW DENIED.**